UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARC S. YOUNG,

Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al*,

Defendants.

Case No. C05-5819 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: MARCH 2, 2007**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff, Marc S. Young, has filed a civil rights lawsuit under 42 U.S.C. § 1983 naming Teresa Anderson, Karen Brunson, Tom Gillespie, Steve Hixson, Tracy Hixson and Brian McPherson. (Dkt. # 12). Plaintiff also named a Dr. Haight, who has not been served and is not represented by counsel. Before the Court is the motion to dismiss of Defendants Department of Corrections ("DOC"), Teresa Anderson, Karen Brunson, Tom Gillespie, Steve Hixson, Tracy Hixson and Brian McPherson, pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendants argue that the Amended Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted and because Plaintiff has failed to allege the personal participation of the Defendants. Additionally, DOC argues

that it is not a "person" under 42 U.S.C. § 1983[1]. Plaintiff has failed to file a response to the motion to dismiss. Under Local Rule 7 (b)(2) failure to file papers in opposition to a motion may be deemed by the court as an admission the motion has merit.

After careful review of the motion to dismiss, the Court recommends that the motion be granted and Plaintiff's Amended Complaint be dismissed without leave to amend.

## I. STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. Pena v. Gardner, 976 F.2d 769, 471 (9th Cir. 1992).

---

[1]The DOC was terminated as a party to this action on April 27, 2006, when Plaintiff filed his Amended Complaint. Therefore, the Court will not address that portion of Defendants' argument that Plaintiff's claims against the DOC are barred by the Eleventh Amendment.

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see also Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

## II. DISCUSSION

### A. Stating A Claim Under 42 U.S.C. § 1983

#### 1. Plaintiff Fails to Allege Factual Basis of Claim

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. *See* Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Plaintiff alleges that "each Defendant, being aware of all actions of deliberate indifference, and concerns and needs of the Plaintiff . . . ". (Dkt. # 12 at 4). Plaintiff also alleges a verbal contract of a treatment plan that was set aside. (Id.). Plaintiff further alleges that Dr. Haight changed and abandoned the treatment plan and that the physician's assistant, Hixson claimed not knowing of any change even though there were month's requests of appointments. (Id.). In addition, Plaintiff alleges generally that the grievance procedure "made everyone aware" of the issues that were going on "that they chose to ignore." (Id. at 5).

However, these vague and conclusory allegations are insufficient to state a claim under § 1983. Plaintiff has not plead any facts to support his allegation of a verbal contract. Although

Plaintiff alleges that Dr. Haight changed and abandoned a treatment plan, there is no explanation of how this injured Plaintiff or how this rises to a constitutional violation. There are no factual allegations to support Plaintiff's allegations that any of the Defendants were deliberately indifferent to the alleged medical needs of Plaintiff. Plaintiff also makes the conclusory allegations that Defendants were "negligent" and that there was a breach of contract. Notwithstanding the lack of factual allegations to support these conclusory allegations, Plaintiff's claims in this regard must fail because negligence will not support a § 1983 claim. Daniels v. Williams, 474 U.S. 327 (1986); Blaylock.v. Schwinden, No. 873952, slip. op. at 10886 (Sept. 7, 1988). In addition, a simple breach of contract by the state does not give rise to the level of a constitutional deprivation. *See, e.g.*, Medical Laundry Servs. v. Board of Trustees, 906 F.2d 571, 573 (11th Cir. 1990). Viewing the facts alleged in the light most favorable to the Plaintiff and accepting them as true, Plaintiff cannot state a cause of action because he has simply failed to provide a factual basis to support his allegations.

Accordingly, the undersigned recommends that Defendants' motion to dismiss should be granted. Plaintiff was previously given notice of these deficiencies in his original Complaint in the Court's Order to Amend on March 20, 2006. (Dkt. # 9). At that time, Plaintiff was directed to identify the defendants and include facts showing how the individually named defendants caused or personally participated in causing the harm alleged in his complaint. (Id.). Plaintiff's Amended Complaint suffers from similar deficiencies. Accordingly, because Plaintiff has already been granted leave to amend to cure these deficiencies and has now chosen not to respond or seek leave to amend in response to Defendants' motion to dismiss, the undersigned recommends that Defendants' motion to dismiss be granted without leave to amend further.

**2. Plaintiff Fails to Allege Personal Participation of Defendants Anderson, Brunson, Gillespie, S. Hixon, T. Hixon and McPherson**

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Sherman v. Yakahi, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional

right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); see also Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976). In addition, defendants in a 42 U.S.C. § 1983 action cannot be held liable solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. Johnson, 588 F.2d at 743-44. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1984).

As noted above, Plaintiff has failed to allege facts showing how the individually named defendants caused or personally participated in causing the constitutional harm alleged in his Amended Complaint. Additionally, Defendants Anderson, Brunson, Gillespie, S. Hixson, and McPherson cannot be held liable on a theory of *respondent superior*. At a minimum, Plaintiff must allege facts showing that these supervisory officials at least implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct.

Accordingly, the undersigned recommends that Defendants' motion to dismiss should be granted. Plaintiff was previously given notice of these deficiencies in his original Complaint in the Court's Order to Amend on March 20, 2006. (Dkt. # 9). At that time, Plaintiff was directed to identify the defendants and include facts showing how the individually named defendants caused or personally participated in causing the harm alleged in his complaint. (Id.). Plaintiff's Amended Complaint suffers from similar deficiencies. Accordingly, because Plaintiff has already been

granted leave to amend to cure these deficiencies and has now chosen not to respond or seek leave to amend in response to Defendants' motion to dismiss, the undersigned recommends that Defendants' motion to dismiss be granted without leave to amend further.

## III. CONCLUSION

For these reasons, the Court recommends that the Court should **GRANT** Defendants' motion to dismiss Plaintiff's claims against them. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007**, as noted in the caption.

DATED this 5th day of February, 2007.

Karen L. Strombom
United States Magistrate Judge